This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37839**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FLOR VARELA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's order of conditional discharge after a jury found her guilty of shoplifting. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In our calendar notice, we relied on *State v. Gallegos*, 2016-NMCA-076, 387 P.3d 296, and proposed to conclude the receipt used to establish value was admissible pursuant to Rule 11-803(6) NMRA (the business records exception) and that

Defendant's right to confrontation was not violated because she had the opportunity to cross-examine Ms. Romero, who oversaw the process of scanning the merchandise, including selecting which merchandise to scan. [CN 2-4] In her memorandum in opposition, Defendant continues to argue the receipt was not a business record because it was prepared primarily for prosecution and there was no testimony regarding the reliability of the store's computer system. [MIO 3-6] In addition, Defendant continues to argue that her right to confrontation was violated because the prices were testimonial statements and she was not able to cross examine anyone who had knowledge of how the store set up its cash registers to establish prices. [MIO 6-7]

{3}     As we noted in our notice of proposed disposition, this Court previously rejected similar arguments in *Gallegos*. In *Gallegos*, we explained "that the focus of our analysis is the relevant data—here, the pricing information—not the fact that the printout of the pricing data was made for trial." *Id.* ¶ 41. In addition, we noted "the burden of establishing lack of trustworthiness is on the party opposing admission." *Id.* (internal quotation marks and citation omitted). As in *Gallegos*, here, "[e]vidence was not presented that the database itself was not reliable to generate the store's prices for the scanned merchandise." *Id.*

{4}     Additionally, in *Gallegos*, we also concluded that the merchandise price lists were not testimonial. *Id.* ¶ 46. Although the selection of merchandise to scan is testimonial, Defendant had the opportunity to confront the individual who selected the merchandise. *See id.* ¶ 46-47. [CN 4] In sum, Defendant has not asserted any law or facts to convince us that we should depart from our analysis in *Gallegos*.

{5}     Moreover, Defendant has not otherwise asserted any facts, law, or argument in her memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

{7}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**